UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SARDI, ET AL., | Case No. CV 20-10186-MWF (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| DOROTHY CARFRAE, ET AL., | |
| Defendant(s). | |

## I.
## INTRODUCTION

Plaintiff William Sardi ("Sardi"), proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. §§ 1983, 1985 alleging violations of his Fourteenth Amendment due process and equal protection rights. ECF Docket No. ("Dkt.") 10. For the reasons discussed below, the Court dismisses the FAC with leave to amend.

## II.
## BACKGROUND

On November 4, 2020, Sardi filed the Complaint against the court-appointed minor's counsel Dorothy Carfrae, Family Court Commissioner Doreen Boxer, and family law attorney Shannon Payne ("Defendants"). Dkt. 1.

On December 2, 2020, Sardi filed the instant FAC against Defendants.[1] Dkt. 10, FAC. Sardi appears to allege that as a result of custody proceedings in California Family Court, he has been denied contact with his 16-year-old son M.S. for a prolonged period. Id. at 1. Specifically, Sardi alleges Defendants failed to adhere to the appropriate evidentiary standard in finding

> father-son contact was considered "not in the best interest of the child" (Family Code 3011a) as presented to the court at a June 24, 2020 hearing by court-appointed Minor's Counsel Dorothy Carfrae, and in a 730 Evaluator's report, and as presented by the mother's . . . legal counsel Shannon Payne, and accepted by the court commissioner Doreen Boxer, based upon hearsay evidence that does not meet the evidentiary standard demanded by the Supreme Court case Santosky v. Kramer, Supreme Court, 1982.

Id. at 3. Sardi states trial is scheduled for February 2, 2021 in the Family Court to "air[] expert evidence, [and] serve[] as a rebuttal to the 730 Evaluator's report" but states that the trial "is a very expensive and untimely remedy available to achieve adequate due process." Id. at 6. Sardi argues this trial "does not provide timely remedy to the child's current predicament and he faces going through the holiday season without physical contact with his father." Id. at 7.

Sardi seeks compensatory and punitive damages against Defendants as well as the following injunctive relief: (a) an order requiring all hearings, trials, and court reports concerning child custody to require "clear and convincing" evidence; (b) granting Sardi "immediate compensatory time with his son . . . until an evidentiary hearing takes place and reaches legal conclusions based upon 'clear and convincing' evidence"; (c) appointment of new Minor's Counsel; and (d) an order "to vacate and

---

[1] It is not clear from the FAC whether Sardi is suing Defendants in their individual and/or official capacities. See dkt. 10 at 8–9.

2

set aside a 730 Evaluator's report that only met the 'preponderance of evidence' level of proof[.]" Id. at 9–10.

### III.
### **STANDARD OF REVIEW**

A court has authority to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742–43 (9th Cir. 2008) (noting the court's authority includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (internal quotation marks and citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892–93 (9th Cir. 2011). The court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

3

1  678 (2009)).  A claim is facially plausible when it "allows the court to draw the
2  reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The
3  complaint "must contain sufficient allegations of underlying facts to give fair notice
4  and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d
5  1202, 1216 (9th Cir. 2011).

6       "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,
7  however inartfully pleaded, must be held to less stringent standards than formal
8  pleadings drafted by lawyers.'"  Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008)
9  (citation omitted).  However, liberal construction should only be afforded to "a
10 plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a
11 court need not accept as true "unreasonable inferences or assume the truth of legal
12 conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191,
13 1200 (9th Cir. 2003).

14      If a court finds the complaint should be dismissed for failure to state a claim,
15 the court has discretion to dismiss with or without leave to amend.  Lopez v. Smith,
16 203 F.3d 1122, 1126–30 (9th Cir. 2000).  Leave to amend should be granted if it
17 appears possible the defects in the complaint could be corrected, especially if the
18 plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
19 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot
20 be cured by amendment, the court may dismiss without leave to amend.  Cato, 70
21 F.3d at 1107–11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

22 **IV.**
23 **DISCUSSION**
24 **A. COMMISSIONER BOXER IS IMMUNE FROM SUIT**
25     **1. Applicable Law**
26     Judges have absolute immunity to suits for monetary damages for their judicial
27 acts.  This immunity applies to state court judges in their individual capacity, under
28 judicial immunity, and official capacity, under Eleventh Amendment immunity.  See

1  Antoine v. Beyers & Anderson, Inc., 508 U.S. 429, 435 n.10 (1993) (holding that
2  judges are immune in their individual capacity); Stump v. Sparkman, 435 U.S. 349, 364
3  (1978) (holding that judges are immune in their official capacity).  Moreover,
4  "immunity applies even when the judge is accused of acting maliciously and
5  corruptly[.]"  Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[A judge] should not have to
6  fear that unsatisfied litigants may hound him with litigation charging malice or
7  corruption.").  Absolute judicial immunity exists "however erroneous the act may
8  have been, and however injurious in its consequences it may have proved to the
9  plaintiff."  Bradley v. Fisher, 80 U.S. 335, 347 (1871); see also Mireles v. Waco, 502
10 U.S. 9, 13 (1991) (upholding absolute immunity for a judge that allegedly ordered
11 excessive force be used in arresting a suspect).

   **2.    Analysis**

13        Here, Sardi appears to sue Commissioner Boxer for judicial acts during child
14 custody proceedings.  The FAC fails to allege facts showing that Commissioner Boxer
15 took nonjudicial actions against Sardi or that Commissioner Boxer's judicial actions
16 were taken in complete absence of all jurisdiction.  See Meek v. Cnty. of Riverside,
17 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he
18 takes actions which are in error, are done maliciously, or are in excess of his
19 authority."); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) ("As long as the
20 judge's ultimate acts are judicial actions taken within the court's subject matter
21 jurisdiction, immunity applies.").  Hence, the claims against Commissioner Boxer are
22 barred by judicial immunity.  See Antoine, 508 U.S. at 435 n.10; Stump, 435 U.S. at
23 364.  Thus, Sardi's claims against Commissioner Boxer must be dismissed.

**B.    THE FAC FAILS TO STATE A CLAIM AGAINST DEFENDANTS CARFRAE OR PAYNE**

   **1.    Applicable Law**

27        A plaintiff seeking to state a claim for civil rights violations under Section 1983
28 "must allege the violation of a right secured by the Constitution and laws of the

5

1  United States, and must show that the alleged deprivation was committed by a person
2  acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  "[P]rivate
3  lawyers appointed to serve as counsel for . . . children or parents in child custody
4  proceedings are not operating under color of law for purposes of a [Section] 1983
5  action when they are performing a lawyer's traditional functions as counsel in court
6  proceedings."  Deluz v. The Law Office of Frederick S. Cohen, No. CIV S-10-0809,
7  2011 WL 677914, at *4–5 (E.D. Cal. Feb. 17, 2011) (citing Kirtley v. Rainey, 326 F.3d
8  1088, 1093–96 (9th Cir. 2003)) (holding private attorney appointed to represent
9  plaintiff's children in child custody proceedings was not acting under color of state
10 law in his role as advocate for the children).  In addition, the Ninth Circuit has
11 "repeatedly held that a privately-retained attorney does not act under color of state
12 law for purposes of actions brought under the Civil Rights Act."  Briley v. State of
13 Cal., 564 F.2d 849, 855 (9th Cir. 1977).

**2.    Analysis**

15 Here, defendant Carfrae was appointed to represent Sardi's son M.S. in child
16 custody proceedings.  FAC at 8.  In her role as advocate for M.S. she did not act
17 under color of state law.  See Deluz, 2011 WL 677914, at *4–5.  In addition,
18 defendant Payne appears to be a private attorney hired to represent the M.S.'s
19 mother.[2]  Accordingly, in her role as counsel for M.S.'s mother, she did not act under
20 color of state law.  See Briley, 564 F.2d at 855.
21 Thus, Sardi's claims against defendants Carfrae and Payne must be dismissed.
22 ///
23 ///
24

---

25 [2]    Moreover, to the extent defendant Payne "is also an agent of the court, writes
26 orders and summaries for the court and reports and helps to enforce court orders,"
her actions as an "agent of the court" would appear to be integral to the judicial
27 process making defendant Payne immune from suit.  See e.g., In re Castillo, 297 F.3d
940, 952 (9th Cir. 2002) (extending quasi-judicial immunity to court clerks and other
28 non-judicial officers); Mullis v. U.S. Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385,
1390 (9th Cir. 1987).

## C. <u>YOUNGER</u> ABSTENTION IS REQUIRED TO THE EXTENT SARDI SEEKS TO VACATE STATE COURT CHILD CUSTODY ORDERS

### 1. Applicable Law

Principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37, 43–45 (1971). Absent "extraordinary circumstances," the Ninth Circuit has held abstention is appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. <u>Arevalo v. Hennessy</u>, 882 F.3d 763, 765 (9th Cir. 2018) (citing <u>ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund</u>, 754 F.3d 754, 758 (9th Cir. 2014)).

### 2. Analysis

First, Sardi admits the state proceedings are ongoing and trial is scheduled for February 2, 2021. FAC at 6–7.

Second, important state interests are implicated by the ongoing child custody proceedings. <u>H.C. ex rel. Gordon v. Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000). "Family relations are a traditional area of state concern." <u>Moore v. Sims</u>, 442 U.S. 415, 435 (1979); <u>see also</u> <u>Morrow v. Winslow</u>, 94 F.3d 1386, 1397 (10th Cir. 1996). In addition, a state has a vital interest in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." <u>Juidice v. Vail</u>, 430 U.S. 327, 336 n. 12 (1977). This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, <u>see</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697–701 (1992), and in which the state courts have a special expertise and experience, <u>see</u> <u>Hisquierdo v. Hisquierdo</u>, 439 U.S. 572, 591 (1979).

Third, Sardi has an adequate state forum in which to pursue their federal claims. H.C. ex rel. Gordon, 203 F.3d at 613. In addition to the ongoing state proceedings, Sardi may appeal through the state courts after final judgment. Id.

Fourth, Sardi seeks wholesale federal intervention into an ongoing state domestic dispute, vacation of existing interlocutory orders, and a federal injunction directing the future course of the state litigation. FAC at 9–10. The requested relief, therefore, seeks to enjoin ongoing state judicial proceedings. This is not the proper business of the federal judiciary. H.C. ex rel. Gordon, 203 F.3d at 613–14.

Ultimately, the instant action is precisely the type of case suited to Younger abstention. Id. at 613 (citing Mann v. Conlin, 22 F.3d 100, 106 (6th Cir.1994) (holding that Younger abstention was appropriate in Section 1983 action alleging that a state court judge violated plaintiff's due process rights in custody battle)). Accordingly, Younger abstention is appropriate and Sardi's claims for injunctive relief are subject to dismissal.

## V.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his Second Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for

failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, he must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the FAC. In addition, the Second Amended Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (internal quotation marks and citation omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the**

**Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

2.     Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his FAC.  If Plaintiff chooses to stand on the FAC despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the action be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3.     Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  December 7, 2020

_____
HONORABLE KELLY KIYA KATO
United States Magistrate Judge